UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY MCFADDEN,

    Petitioner,

v.                              Civil Action No. 10-1198 (PLF)

SIMON WAINWRIGHT *et al.*,

    Respondents.

MEMORANDUM OPINION

In this action for a writ of *habeas corpus*, petitioner, a District of Columbia prisoner, challenges the "[t]he Warrant that was used to take [him] into custody and incarcerate him from [March 9, 2010] to the present [contending that it] was not a Judicial Warrant." Pet. at 1. Because, as respondents correctly argue, the United States Parole Commission ("the Commission") lawfully issued the parole violator warrant underlying the challenged detention, the Court will deny the habeas petition and dismiss the case.

I. BACKGROUND

Petitioner is serving an aggregate sentence of 21 years' imprisonment based on consecutive sentences imposed by the Superior Court of the District of Columbia in July and October 1989. *See* Resp't.'s Ex. 1.[1] He is no novice to the parole scheme. *See McFadden v. Wainwright*, No. 10-0596 (PLF) (D.D.C. Sept. 27, 2010) (Mem. Op. at 1-2) (recounting petitioner's parole history). Petitioner's current custody stems from the following.

---

[1] All of the exhibits relied upon are attached to the Federal Respondents' Opposition to Petitioner's Petition for a Writ of Habeas Corpus [Dkt. No. 10].

On March 5, 2010, the Commission issued a parole violator warrant based on petitioner's failure to report to his supervising officer and his violation of a parole condition to participate in anger management. Ex. 26 at 2. Following execution of the warrant on March 9, 2010, and a probable cause hearing three days later, on March 12, 2010, petitioner agreed to an expedited revocation proceeding where he "accept[ed] an Expedited Decision [to] (1) revoke[] [his] parole . . . and (2) impose[] a parole date/term of imprisonment . . . no greater than the bottom of [his] guideline range . . . at least 2 but not more than 5 months." Ex. 28 at 2. Petitioner acknowledged that his "guidelines [were] undetermined." *Id*. Petitioner also agreed to "accept whatever decision the Commission [made] with regard to [street-time credit]," *id*., and waived his right to appeal the decision. He maintained the right to request amendment of a determination he believed to be in error with regard to, *inter alia*, the guideline range. *Id*. at 1.

Pursuant to the foregoing agreement, the Commission, by Notice of Action dated April 27, 2010, revoked petitioner's parole, forfeited street-time credit earned between August 26, 2009 and March 8, 2010, and set a presumptive parole date of March 7, 2011, after petitioner's service of 12 months' imprisonment – the bottom guideline range of 12 to 16 months. Ex. 29. Petitioner, through counsel, sought reconsideration of the guideline range, claiming that he believed it to be 8 to 12, but the Commission denied his request because the expedited agreement stated that the guideline range would be determined later. Exs. 30, 31. Petitioner filed this action on July 15, 2010, from the District of Columbia Jail. *See* Pet. Caption.

## II. DISCUSSION

Petitioner asserts that he was "falsely arrested and falsely imprisoned" because the Commission's issuance of the parole violator warrant violated the separation of powers doctrine

and "the 4th amendment Warrant Clause." Pet. at 2. Contrary to petitioner's arguments, "[t]he granting and revocation of parole are matters traditionally handled by administrative [not judicial] officers." *Morrissey v. Brewer*, 408 U.S. 471, 486 (1972). As the paroling authority for District of Columbia prisoners, the Commission is empowered by D.C. Code § 24-403.01(6) to grant, deny or revoke a District of Columbia offender's parole supervision and to impose or modify his parole conditions. *See* D.C. Code § 24-131(a); *Thompson v. District of Columbia Dep't of Corrections*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007). In exercising its authority, the Commission, upon a credible allegation that a parolee has violated the conditions of his release, may "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.98(a)(2). The warrant "shall be accompanied by a warrant application (or other notice) stating," among other information, the charges and documentation "upon which the Commission intends to rely. . . ." 28 C.F.R. § 2.98(f); *see* Resp't.'s Ex. 26 (Warrant Application).

Because the foregoing authority governs the execution of a judicially imposed sentence, "[t]he Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers." *Montgomery v. U.S. Parole Comm'n*, No. 06-2133 (CKK), 2007 WL 1232190, at *2 (D.D.C. Apr. 26, 2007) (citing cases); accord *Leach v. U.S. Parole Comm'n*, 522 F. Supp. 2d 250, 251 (D.D.C. 2007); *Hammett v. U.S. Parole Comm'n*, No. 10-0442 (JDB), 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (stating that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time.") (citation omitted). As explained by the United States District Court for the District of Maryland,

> sentencing decisions have long been a shared responsibility among the legislative, judicial, and executive branches and, when the legislative branch gave the

3

Commission the responsibilities of imposing conditions of release and revoking
supervised release for D.C. felony offenders under the D.C. determinate
sentencing scheme, it was only maintaining the executive branch functions that
had been traditionally and appropriately delegated to that branch of government.

*Taylor v. Hollingworth*, Civ. Action No. DKC-07-970 (D.Md. Oct. 29, 2007), 2007 WL 5614097, at *2.

Finding no basis for issuing the writ, the Court will deny the petition for a writ of *habeas corpus* and dismiss the case. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 1, 2010